■ HUNT LEASING CORP., Respondent, v UNIVERSAL UNDERWRITERS INSURANCE COMPANY, Appellant.—In an action for a judgment declaring that the defendant is under a contractual duty to defend and indemnify the plaintiff, pursuant to a policy of insurance issued to the plaintiff, the defendant appeals from an order of the Supreme Court, Suffolk County

(Underwood, J.), dated March 28, 1985, which denied its motion for summary judgment dismissing the complaint.

Order reversed, on the law, with costs, motion granted, and it is hereby declared that the defendant is under no obligation to defend or indemnify the plaintiff in the underlying action brought against the plaintiff's lessee.

The plaintiff leased an automobile to Always Ready Private Car Service, Inc. (hereinafter Always Ready). That automobile was covered under an automobile liability insurance policy issued to the plaintiff by the defendant. On October 26, 1982, Jack Arfe, the plaintiff in the underlying action, was a passenger in the subject vehicle which was driven by Julius Orret, a taxicab driver and a codefendant in the underlying action. Arfe alleged in his complaint that Orret committed an assault and battery against him. The purported intentional tort allegedly resulted from a dispute over the taxicab fare for the service performed by Orret. Always Ready was also named as a defendant; Arfe asserted that Always Ready was liable for damages under theories of vicarious liability and negligent hiring. Following an exchange of letters, the defendant disclaimed coverage under the insurance policy in question. Thereafter, the plaintiff commenced the instant declaratory judgment action for a declaration that the defendant was under an obligation to defend and indemnify it in the underlying lawsuit.

Special Term denied the defendant's motion for summary judgment on the ground that the defendant's liability under the policy was a question of fact to be determined in the underlying action.

The policy in question provided, under the "Exclusions" provision, as follows: "This insurance does not apply * * * to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of any owned automobile or temporary substitute automobile *while such automobile is being used as a public or livery conveyance,* unless such use is specifically declared and described in the declarations" (emphasis added). It is patently clear from the allegations of the complaint that the subject vehicle was being used as a public or livery conveyance, i.e., a taxicab. Since the declarations of the subject policy did not contain a provision as to whether the vehicle in question would be used as a public or livery conveyance, there is no factual or legal basis for finding that the defendant has a duty to defend and/or indemnify the plaintiff in the underlying action *(see, Spoor-Lasher Co. v Aetna Cas. & Sur. Co.,* 39 NY2d 875; *Hicksville*

*Motors v Merchants Mut. Ins. Co.,* 97 AD2d 396, *affd* 61 NY2d 661). Accordingly, we reverse Special Term's denial of the defendant's motion for summary judgment.

In view of the foregoing disposition, we need not reach the defendant's remaining contention. Thompson, J. P., Niehoff, Eiber and Spatt, JJ., concur.