**UNITED STATES of America, Appellant,**

v.

**MILWAUKEE GUARDIAN INSURANCE COMPANY, a corporation, Appellee.**

No. 91–3374.

United States Court of Appeals,
Eighth Circuit.

Submitted May 12, 1992.
Decided June 9, 1992.

Mary E. Carlson, Asst. U.S. Atty., Minneapolis, Minn., argued, for appellant.

Willard L. Converse, St. Paul, Minn., argued, for appellee.

Before RICHARD SHEPPARD ARNOLD, Chief Judge, BRIGHT, Senior Circuit Judge, and WOLLMAN, Circuit Judge.

BRIGHT, Senior Circuit Judge.

A postal service employee delivering mail on a rural route drove his privately owned vehicle into another automobile, killing Anna Crawford, a passenger, and injuring Burnis Crawford, the driver and Anna's spouse. The survivor brought an action for damages and wrongful death against the United States under the Federal Tort Claims Act, alleging liability based on the negligent driving of the postal service employee. In turn, the United States, by a third party complaint, sought indemnity under an insurance policy issued by third party defendant Milwaukee Guardian Insurance Company to Oscar Goltz, the postal service employee.

Milwaukee Guardian denied coverage under a provision of the insurance policy, which excludes coverage when a vehicle is used to carry persons or property for a charge. The district court granted summary judgment for the insurer and dismissed the action based on undisputed facts showing that: (1) at the time of the accident, Goltz was delivering telephone books as an employee of the postal service; (2) the postal service received a fee for this service; and (3) Goltz received a salary and reimbursement for mileage on his personally owned vehicle.

The owner's policy in this case contains an omnibus clause extending coverage for an organization, which may be liable for the acts or omissions of the owner/driver.[1]

---

1. The omnibus clause states in relevant part: As used only in this Part, **"insured person"** or **"insured persons"** means:
 . . . .
 (3) Any other person or organization with respect to legal liability for acts or ommissions [sic] of:
 (a) Any person covered under this Part while using **your insured car** . . . .

Car Policy at 3.
 Milwaukee Guardian does not dispute that the United States is an "insured" under the omnibus clause because it is an "organization" with respect to legal liability for acts or omissions of Goltz, the named insured.

As mentioned, an exclusion in the policy states:

> This coverage does not apply to:
>
> (1) **Bodily injury** or **property damage** arising out of the ownership, maintenance or use of a vehicle when used to carry persons or property for a charge.

Car Policy at 3.

The Government asserts that the exclusion does not apply because of its ambiguity.[2] As the district court noted, the insurer conceded that the term "charge" could be viewed as either the charge for postage received by the post office or the payment to the postal employee of salary and mileage for delivery of the mail. Mem. Op. and Order dated Jan. 2, 1990 at 3.

The district court opinion in favor of the insurer recited:

> The insurance policy in this instance was intended to exclude coverage for Oscar Goltz's use of his automobile to deliver the phone books. The policy is ambiguous in that the "charge" referred to in the exclusion can be read to apply to the charge received in this case by the Post Office for delivering the phone books or to the charge received by Goltz for the use of his car. Nonetheless, under either reading it applies under the facts here. The government's narrow reading of the exclusion [i.e., it contends that the "charge" refers to payment to named insured driver by party seeking delivery of property] can not reasonably be imposed in this case. The action of the United States against Milwaukee Guardian should therefore be dismissed.

Mem.Op. and Order dated Jan. 2, 1990 at 4.

We need not decide in the context of this case whether the payment of salary and mileage reimbursement to an insured, who is a government employee, actuates the exclusion.[3] The postal service, however, is paid a fee by whoever uses its delivery service. The fee paid covers the costs of delivery of the mailed material. The postal employee, here a rural mail carrier, carries out the deliveries. The employee is not divorced from, but is a part of, the postal service. Clearly, the employee is carrying property for a charge.[4] Thus, the policy clause in question applies to exclude insurance coverage for the accident arising out of the use of Goltz's vehicle to deliver mail.

Accordingly, we affirm.

---

2. As noted by the district court, the Government cites an unpublished case in support of its position, *Richards v. Office of Postal Inspector in Charge,* C88–7379 (N.D.Ohio Feb. 21, 1989). That case construes the exclusion to apply only when the operator or vehicle owner receives a separate fee for the transportation service. We reject such a narrow reading of the language, which excludes "use of a vehicle when used to carry persons or property for a charge."

3. Counsel for Milwaukee Guardian in oral argument indicated that mere payment of mileage reimbursement to an employee, who is paid a salary for duties other than delivery services, need not trigger the exclusion.

4. Such an exclusion has been held to apply where a charge or fee is paid to the owner/insured for the use of the vehicle. *See Johnson v. Allstate Ins. Co.,* 505 So.2d 362, 365–67 (Ala. 1987) (day care center provided transportation to and from the school for a fee); *Martin v. Colonial Ins. Co.,* 644 F.Supp. 349, 353 (D.C.Del. 1986) (truck-tractor not currently loaded with cargo, but travelling incidental to carrying the load). These cases do not relate to reimbursement for mileage alone.