OPINION OF THE COURT
Harold J. Hughes, J.
The motion of plaintiff Pizza Hut of America, Inc., and the cross motions of defendants Sandra Torre and Michael Wolfe for summary judgment declaring that Travelers Insurance policy number 914085227-101-1 provides liability coverage to Pizza Hut of America, Inc., Jacob Myers and Keith Myers upon the claims of Michael Wolfe and Sandra Torre, as administratrix of the estate of Charles J. Torre, and declaring that the disclaimer of coverage issued by Travelers Insurance Company is void, will be granted. The motion of Travelers Insurance Company for summary judgment will be denied.
On August 31, 1991, 18-year-old Keith Myers was driving his father’s Toyota in the course of his employment as a Pizza Hut deliveryman. He was involved in a collision with vehicles operated by Michael L. Wolfe and Charles J. Torre. The Toyota was insured by Travelers, and, since the use by Keith Myers and Pizza Hut was with the father’s permission, those two were additional insureds under that policy. The estate of Mr. Torre and Mr. Wolfe commenced actions against the Myers and Pizza Hut for personal injuries and wrongful death. All three requested coverage from Travelers, which was declined in a letter dated September 18,1991, as follows:
"Dear Jacob:
"I regret to advise you The Travelers must decline coverage under policy #914085277-101-1, for the accident of 8/30/91. The Travelers is declining coverage because our investigation revealed that the vehicle was being used at the time of the accident as a pizza delivery truck. Your Auto Policy on page 4, paragraph 3, states 'it doesn’t cover any vehicle while being used to carry persons or property for a fee’. This means that we cannot pay any claim or defend any suit that will arise out of the 8/30/91 accident.”
Although Travelers gave written notice that it was disclaiming coverage as to Jacob Myers and Keith Myers, it never gave such written notice of disclaimer for Pizza Hut. This declaratory judgment action ensued.
*259 Pizza Hut asserts that the automobile was not used to carry persons or property for a fee as the pizza deliveries were free to the customers, and Keith Myers was not paid any extra taxable income for the use of his father’s vehicle. Pizza Hut concedes that young Myers was paid $4.50 per hour for his work, plus 50 cents per delivery for gas and related costs of the car. Additionally, he at times received tips from delivery customers. Pizza Hut argues that the Travelers’ exclusion is aimed at taxicabs or other vehicles for public hire. Pizza Hut argues that the exclusion language is ambiguous, and should be construed against Travelers. Defendants Torre and Wolfe cross-move for summary judgment against Travelers upon the same arguments, and, in addition, defendant Wolfe points out that Travelers has never sent written notice disclaiming coverage for Pizza Hut as required by section 3420 (d) of the Insurance Law.
Travelers seeks summary judgment in its favor, contending that the payment of 50 cents to use the vehicle, together with the tips received by Keith Myers, caused the vehicle to be carrying property for a fee within the meaning of exclusion. In addition, Travelers argues that it never intended to cover this risk, and it received no premium for such coverage. On policy grounds, it contends that Pizza Hut should not be permitted to shift the business expense of carrying liability insurance upon its delivery vehicles to unsophisticated teenagers and their liability insurance carriers.
 Turning to the merits, regardless of the outcome of the interpretation of the exclusion, Pizza Hut has coverage under the Travelers policy due to the failure of that insurer to give written notice of its denial of coverage to Pizza Hut to the injured parties (John v Centennial Ins. Co., 91 AD2d 1104). The courts of other States have taken different approaches to the issue of whether delivering pizza constitutes the hiring of an automobile for a fee. Some courts have found the exclusionary language relied upon by Travelers to be ambiguous and have held as a matter of law that there is coverage under the policy (Progressive Cas. Ins. Co. v Metcalf, 501 NW2d 690 [Minn 1993]; RPM Pizza v Automotive Cos. Ins. Co., 601 So 2d 1366 [La 1992]). Other courts have held that while the exclusionary language is ambiguous, whether there is coverage is a question of fact (Pizza Hut v West Gen. Ins. Co., 36 Ark App 16, 816 SW2d 638 [1991]; Dhillon v General Acc. Ins., 789 SW2d 293 [Tex 1990]). One appellate court held that to enforce the exclusion would violate the public policy of providing *260 compensation to injured parties underlying the omnibus clause (Stanfel v Shelton, 563 So 2d 410 [La 1990]). Finally, a Tennessee court held that the exclusion did not apply when the delivery charge added to the price of the pizza was for the benefit of the employer, not the employee (United Servs. Auto. Assn. v Couch, 643 SW2d 668 [Tenn 1982]).
Here, the approach will be different. The Court of Appeals recently had before it this precise exclusion, although in the context of uninsured motorists coverage (Matter of Liberty Mut. Ins. Co. [Hogan], 82 NY2d 57). The vehicle involved in that case was a taxicab. The Court reasoned that the only exclusions that it would enforce would be those authorized by a statute or regulation. Since the uninsured motorist statute and implementing regulations did not authorize the exclusion, it was not enforceable as a matter of public policy. The Court did note that a livery exclusion is authorized by regulation for an automobile liability policy (11 NYCRR 60-1.2 [a]). In view of that reasoning, the issue in this case reduces to whether the livery exclusion permitted in automobile liability policies encompasses an employee’s use of his own automobile to deliver a pizza. 11 NYCRR 60-1.2 (a) permits an exclusion from coverage: "while the motor vehicle is used as a public or livery conveyance”.
At one point, this language was the standard exclusionary language used in policies. However, when the industry reworded the standard personal auto policy in 1981 to comply with the "plain language” law, the new form included the "for a fee” exclusion. The established meaning of the "public or livery” exclusion is stated by the Second Department in American Fid. Fire Ins. Co. v Pardo (32 AD2d 536, 536-537) as follows: "By the weight of authority, the words 'public or livery conveyance’, as used in this policy, refer to 'A vehicle used indiscriminately in conveying the [general] public, without limitation to certain persons or particular occasions or without being governed by special terms’ (Black’s Law Dictionary [4th ed.], p. 1084; see, also, 6 Berry, Automobiles [7th ed.], § 6.617; Elliott v. Behner, 150 Kan. 876, 883; Allor v. Dubay, 317 Mich. 281; Pimper v. National Amer. Fire Ins. Co., 139 Neb. 109; Stanley v. American Motorist Ins. Co., 195 Md. 180; McDaniel v. Glens Falls Ind. Co., 333 Ill. App. 596; Commercial Credit Corp. v. Monroe, 38 Tenn. App. 596; accord, Bertino v. Equitable Fire & Marine Ins. Co., 214 N. Y. S. 2d 155; National Grange Mut. Ins. Co. v. Cervantes, 46 Misc 2d *261 528; Ganzhorn v. Manufacturers’ Cas. Ins. Co., 179 Misc. 548, affd. 265 App. Div. 851).”
Thus, the exclusion from coverage authorized by 11 NYCRR 60-1.2 (a) only extends to an automobile used without limitation to convey the general public. Certainly, the occasional delivery of a pizza does not constitute such use. Therefore, Pizza Hut, Torre and Wolfe are entitled to summary judgment declaring that Travelers’ policy provides coverage to Pizza Hut, Jacob Myers and Keith Myers for the claims made against them by Michael Wolfe and Sandra Torre.