UNITED SERVICES AUTOMOBILE ASSOCIATION, Respondent, v JACK R. REID, Appellant, et al., Defendant. [680 NYS2d 340] —Judgment unanimously reversed on the law with costs, motion denied, cross motion granted and judgment granted in accordance with the following Memorandum: On January 17, 1995, a vehicle being driven by defendant Jack R. Reid collided with a vehicle driven by defendant Clara Masella. At the time of the accident, Reid was driving his personal vehicle, making a delivery to a customer of his employer. Reid's employer reimbursed Reid for mileage for the use of his personal vehicle.

Plaintiff commenced this action seeking a declaration that it was not obligated to defend or indemnify Reid, its insured, in the action commenced by Masella. Plaintiff relied upon an exclusion in its policy that excludes coverage for an insured's liability "arising out of the ownership or operation of a vehicle while it is being used to carry persons or property for a fee". Plaintiff moved and Reid cross-moved for summary judgment. Supreme Court granted plaintiff's motion and declared that plaintiff is not obligated to defend or indemnify Reid. We reverse.

We agree with plaintiff that the exclusion in the policy is broader than the exclusion authorized by 11 NYCRR 60-1.2 (a), which provides that an owner's policy of liability insurance may exclude coverage for losses arising from the use of the motor vehicle "as a public or livery conveyance". Because the language in plaintiff's policy has impermissibly broadened the authorized exclusion, it is "without the approval or protection of the law" (*Rosado v Eveready Ins. Co.,* 34 NY2d 43, 48; *see, Matter of Liberty Mut. Ins. Co. [Hogan],* 82 NY2d 57, 60). The exclusion must be interpreted no more broadly than the authorized "livery" exclusion, which was designed to exclude coverage where the motor vehicle is being operated as a taxicab (*see, Hunt Leasing Corp. v Universal Underwriters Ins. Co.,* 123 AD2d 602, 603), or otherwise being offered "indiscriminately" to the general public and not limited to use by only certain persons or on particular occasions (*American Fid. Fire Ins. Co. v Pardo,* 32 AD2d 536, 537; *see also, American Motorists Ins. Co. v Travelers Ins. Co.,* 158 Misc 2d 257, 260-261). Thus viewed, the use by Reid of his motor vehicle at the time of the accident did not constitute the indiscriminate conveyance of property for a fee.

We reject plaintiff's argument that Reid may not raise the above argument for the first time on appeal. Although the general rule is that an appellate court will not review an issue raised for the first time on appeal, such an issue is reviewable where, as here, the issue presented is one of law that appears on the face of the record and that could not have been avoided by plaintiff had it been brought to its attention at the proper juncture (*see, Oram v Capone,* 206 AD2d 839; *Matter of Daubman v Nassau County Civ. Serv. Commn.,* 195 AD2d 602, 603).

Thus, we grant judgment in favor of Reid declaring that plaintiff must defend and indemnify Reid in the Masella action. (Appeal from Judgment of Supreme Court, Erie County, Mahoney, J.—Declaratory Judgment.) Present—Denman, P. J., Wisner, Pigott, Jr., Callahan and Fallon, JJ.