PEKIN INSURANCE COMPANY, Plaintiff-Appellant, v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY *et al.*, Defendants-Appellees.

Fourth District No. 4—98—0729

Argued March 24, 1999.—Opinion filed June 7, 1999.

Robert Marc Chemers, Scott L. Howie (argued), and Amy E. Moulton, all of Pretzel & Stouffer, Chartered, of Chicago, for appellant.

Michael D. Ryan (argued) and Brien J. O'Brien, both of Ryan, Bennett, Radloff, Koester & O'Brien, of Mattoon, for appellees.

PRESIDING JUSTICE KNECHT delivered the opinion of the court:

In February 1998, CarolAnne Hager sued Linda C. Saylor for personal injuries resulting from a two-car accident. At the time of the accident, Saylor was test-driving a vehicle owned by Sullivan Chevro-

let Company (Sullivan), an automobile dealership. Pekin Insurance Company (Pekin) insured Sullivan's vehicles, while State Farm Mutual Automobile Insurance Company (State Farm) provided Saylor's automobile insurance. In May 1998, Pekin filed a declaratory judgment action against Saylor, Hager, and State Farm. Pekin alleged it was not primarily obligated to defend Saylor because language in Sullivan's policy excluded her from coverage. Both State Farm and Pekin filed cross-motions for summary judgment. The trial court granted State Farm's motion, concluding Pekin was primarily obligated to defend Saylor. We affirm.

## I. BACKGROUND

After Hager sued Saylor, State Farm tendered her defense to Pekin. Pekin accepted the defense but reserved the right to contest its obligation to provide such defense. In May 1998, Pekin filed this declaratory judgment action, arguing it was not primarily obligated to defend Saylor and seeking judgment from State Farm for the costs of Saylor's defense.

In June 1998, Pekin filed a motion for summary judgment. Pekin's motion relied on the following language from Sullivan's garage liability insurance policy:

"We will pay all sums an 'insured' legally must pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies caused by an 'accident' and resulting from 'garage operations.'

We have the right and duty to defend any 'suit' asking for these damages. However, we have no duty to defend 'suits' for 'bodily injury' or 'property damage' not covered by this [c]overage [f]orm."

Sullivan's policy defined "insured" as:

"(2) Anyone *** using with your permission a covered 'auto' you own, hire or borrow except:

* * *

(d) Your customers, if your business is shown in the [d]eclarations as an 'auto' dealership. However, if a customer of yours:

(i) Has no other available insurance (whether primary, excess or contingent), they are an 'insured' but only up to the compulsory or financial responsibility law limits where the covered 'auto' is principally garaged.

(ii) Has other available insurance (whether primary, excess or contingent) less than the compulsory or financial responsibility law limits where the covered 'auto' is principally garaged, they are an 'insured' only for the amount by which the compulsory or financial responsibility law limits exceed the limit of their other insurance."

Pekin argued Saylor's automobile insurance satisfied the minimum requirements imposed by Illinois statute (see 625 ILCS 5/7—203 (West 1996)); thus, Saylor was excluded from coverage, thereby making State Farm primarily obligated to defend her.

State Farm also moved for summary judgment in June 1998. State Farm argued Pekin was primarily obligated to defend Saylor regardless of the language contained in Sullivan's policy. In reaching this conclusion, State Farm relied on the recent supreme court decision in *State Farm Mutual Automobile Insurance Co. v. Universal Underwriters Group*, 182 Ill. 2d 240, 244, 695 N.E.2d 848, 850 (1998). In August 1998, the circuit court denied Pekin's summary judgment motion and granted State Farm's motion.

## II. ANALYSIS

On appeal, Pekin asserts the circuit court failed to consider the plain language of Sullivan's insurance policy. Pekin contends insurance carriers are entitled to enforce provisions as written (see *Bruder v. Country Mutual Insurance Co.*, 156 Ill. 2d 179, 185-86, 620 N.E.2d 355, 359 (1993)), and this court should defer to the manner in which the parties have chosen to articulate their obligations (see *Madison Mutual Insurance Co. v. Universal Underwriters Group*, 251 Ill. App. 3d 13, 16, 621 N.E.2d 270, 272-73 (1993)). Thus, Pekin argues it was not obligated to defend Saylor because she did not qualify as an "insured."

State Farm asserts section 7—317 of the Illinois Safety and Family Financial Responsibility Law (Code) (625 ILCS 5/7—317(b) (West 1996)) requires Sullivan to insure all its test-drivers. As a result, State Farm argues Pekin must provide primary coverage regardless of the language contained in Sullivan's policy. See *State Farm*, 182 Ill. 2d at 244-45, 695 N.E.2d at 850-51. Accordingly, Pekin was primarily obligated to defend Saylor.

■ Summary judgment is proper when the pleadings, depositions, admissions, and affidavits fail to establish a genuine issue of material fact. 735 ILCS 5/2—1005(c) (West 1996). The construction of insurance policy provisions is a question of law (*Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 108, 607 N.E.2d 1204, 1212 (1992)), which is reviewed *de novo* (*Federal Deposit Insurance Corp. v. O'Malley*, 163 Ill. 2d 130, 142, 643 N.E.2d 825, 831 (1994)).

In *State Farm*, Joyce Pontiac (Joyce), a car dealership, allowed Rodney Luckhart to test-drive one of its vehicles. During the test-drive, Luckhart was involved in a two-car accident. Luckhart had automobile liability insurance with State Farm. State Farm settled all claims against Luckhart, then sued Joyce's insurer, Universal Under-

writers Group (Universal), for reimbursement. According to Joyce's policy, an insured was any person required by law to be insured while test-driving one of its vehicles. The circuit court granted State Farm's summary judgment motion. The appellate court affirmed (*State Farm Mutual Automobile Insurance Co. v. Universal Underwriters Group*, 285 Ill. App. 3d 115, 674 N.E.2d 52 (1996)).

■ In affirming the appellate court, the supreme court utilized section 7—317(b) of the Code, which provides:

"7—317 'Motor vehicle liability policy' defined. ***

(b) Owner's Policy.—Such owner's policy of liability insurance:

1. Shall designate *** all motor vehicles with respect to which coverage is thereby intended to be granted;

2. Shall insure the person named therein and *any other person using or responsible for the use of such motor vehicle or vehicles with the express or implied permission of the insured.*" (Emphasis added.) 625 ILCS 5/7—317(b) (West 1996).

The court concluded section 7—317(b) mandates an owner's automobile insurance policy cover any person using the vehicle with the named insured's permission. Therefore, because Joyce was required to insure Luckhart, the court held Luckhart qualified as an "insured" according to the terms of Universal's policy. See *State Farm*, 182 Ill. 2d at 244, 695 N.E.2d at 850.

The *State Farm* court extended its holding, stating when an insurance policy fails to include an omnibus clause providing coverage to persons who are permitted to use the named insured's vehicle, "such a clause must be read into every such policy." *State Farm*, 182 Ill. 2d at 244, 695 N.E.2d at 850. In concluding Universal was primarily liable, the court stated section 7—317 of the Code "must be construed to require primary coverage." *State Farm*, 182 Ill. 2d at 246, 695 N.E.2d at 851.

Pekin argues the *State Farm* decision does not control this case because the supreme court was not deciding which insurance company should provide primary coverage. Instead, Pekin asserts the *State Farm* court decided whether Luckhart was an "insured" under the terms contained in Joyce's insurance policy, whereas here the language contained in Sullivan's policy explicitly excluded Saylor from coverage. Pekin also notes the Code fails to indicate which insurer must provide primary coverage.

■ Contrary to Pekin's argument, we find *State Farm* controlling. The only distinction between this case and *State Farm* relates to the language in Sullivan's insurance policy excluding Saylor from coverage. However, this language cannot be enforced because it contradicts the mandatory language of section 7—317(b) of the Code (see 625

ILCS 7—317(b) (West 1996)). Sullivan's policy must insure Saylor regardless of the language contained therein. See *State Farm*, 182 Ill. 2d at 244, 695 N.E.2d at 850. Thus, similar to *State Farm*, we are left to decide whether State Farm or Pekin is primarily obligated.

As noted in *State Farm*, primary liability is generally placed on the insurer of the owner of an automobile rather than the insurer of the driver. See *State Farm*, 182 Ill. 2d at 246, 695 N.E.2d at 851, citing 7A Am. Jur. 2d *Automobile Insurance* § 543 (1997). While we agree the terms of Sullivan's insurance policy were consistent with the legislature's intent "to secure the solvency of those operating vehicles on public highways" (see *Springfield Fire & Casualty Co. v. Garner*, 255 Ill. App. 3d 685, 692, 627 N.E.2d 1147, 1151-52 (1993)), the supreme court determined public policy was best served by requiring the automobile owner's insurer provide primary coverage to any person permitted by the owner to use the vehicle (see *State Farm*, 182 Ill. 2d at 245, 695 N.E.2d at 851). Thus, an automobile dealer's insurance policy must provide primary coverage for its test-drivers.

## III. CONCLUSION

For the reasons stated, the circuit court's judgment is affirmed.

Affirmed.

STEIGMANN and MYERSCOUGH, JJ., concur.