The CINCINNATI INSURANCE COMPANY, Plaintiff,

v.

WEST AMERICAN INSURANCE COMPANY, The United States of America, Steven D. Campbell, Amy L. Campbell–Lukens, Danielle Jourdan Griffet, a Minor, by her Mother and Next Friend, Amy L. Campbell–Lukens, and the United States Postal Service, Defendants.

No. 99–CV–2073.

United States District Court, C.D. Illinois, Danville/Urbana Division.

Sept. 12, 2000.

Stephen L. Corn, Craig & Craig, Mattoon, IL, for plaintiff.

David H. Hoff, Office of U.S. Attorney, Urbana, IL, for Defendant USA and U.S. Postal Service.

Robert A Chemers, Patrick G. Cooke, Pretzel & Stouffer, Chicago, IL, for all other defendants.

## ORDER

McCUSKEY, District Judge.

This case is before the court for ruling on various Motions filed by the parties. Following careful consideration of all of the arguments of the parties, this court rules as follows: (1) Plaintiff's Motion to Amend First Amended Complaint (# 38) is GRANTED; (2) Plaintiff's Motion for Leave to File Answer to Counterclaim (# 39) is GRANTED; (3) the Motion for Summary Judgment (# 34) filed by Defendants, West American Insurance Company, Steven D. Campbell, Amy L. Campbell–Lukens, and Danielle Jourdan Griffet, is GRANTED; (4) Plaintiff's Motion for Summary Judgment (# 40) is DENIED; and (5) the United States' Motion for Summary Judgment (# 42) is GRANTED.

## FACTS

On February 6, 1999, James Hooten was employed as a rural mail carrier for the United States Postal Service in Gays, Illinois. As a rural mail carrier, Hooten received a salary for his employment with the United States Postal Service based upon (1) the round trip mileage of the rural mail route assigned to him and (2) the number of delivery points assigned to that route. A delivery point consists of a rural mail box on the route. Hooten receives the same compensation as an employee of the United States Postal Service whether or not he picks up or delivers mail to each rural mail box on any given day.

On Saturday, February 6, 1999, Hooten was involved in a two vehicle collision at the intersection of Illinois Route 16 and the Moultrie County/Coles County Line Road, in Moultrie County, Illinois. Hooten was driving his privately owned and privately insured vehicle in the course of his employment as a rural mail carrier. Hooten had a liability policy for that vehicle issued by Plaintiff, Cincinnati Insurance Company. The other vehicle involved in the collision was owned by Steven D. Campbell and was driven by Amy L. Campbell–Lukens. Campbell–Lukens' minor daughter, Danielle Jourdan Griffet, was a passenger in the vehicle. This vehicle was insured by West American Insurance Company.

On June 24, 1999, Plaintiff filed its First Amended Complaint (# 15). Plaintiff named as Defendants: Hooten; West American Insurance Company; Campbell; Lukens–Campbell; Griffet; the United States of America; and the United States Postal Service. The United States was later substituted for Hooten, and Hooten was dismissed as a party to this case. In its First Amended Complaint, Plaintiff alleged that Lukens–Campbell and Griffet claimed personal injuries from the February 6, 1999, collision. Plaintiff alleged that a claim had been asserted against it to pay damages allegedly incurred in the collision, which claim was denied. Plaintiff alleged that, under the terms of the policy it issued to Hooten, coverage was excluded for any injuries arising out of the collision. Plaintiff sought a declaratory judgment that: (1) its policy provides no coverage for any bodily injury or property claim arising out of the motor vehicle accident which occurred on February 6, 1999; (2) it has no duty to defend Hooten, the United States of America, or the United States Postal Service in any suit filed against them arising out of the motor vehicle accident; and (3) it has no duty to indemnify Hooten, the United States of America or the United States Postal Service for any judgment against them arising out of the motor vehicle accident.

On June 28, 1999, the United States of America and the United States Postal Service (United States) filed an Answer to the First Amended Complaint (# 16). On August 17, 1999, Defendants West American Insurance Company (West American), Campbell, Lukens–Campbell and Griffet filed their Answer. In addition, West American filed a Counterclaim for Declaratory Judgment (# 22). In its Counterclaim, West American sought a declaratory judgment stating that: (1) Plaintiff's policy

issued to Hooten provided coverage for the bodily injury and property damage claims arising out of the February 6, 1999, motor vehicle accident; (2) Plaintiff has an obligation to reimburse West American Insurance Company the sum of $3,671.00 paid by it to Campbell for the total loss of Campbell's 1991 Isuzu pickup truck, and further has an obligation to reimburse Campbell the sum of $500.00 paid by him to satisfy his deductible; and (3) Plaintiff has a duty and obligation to defend Hooten and/or the United States Postal Service in connection with any claims arising out of the motor vehicle accident.

On February 2, 2000, West American, Campbell, Campbell–Lukens and Griffet filed their Motion for Summary Judgment (# 34) seeking judgment in their favor on Plaintiff's First Amended Complaint and on West American's Counterclaim. On February 17, 2000, Plaintiff filed its Motion for Summary Judgment (# 40) and, on February 18, 2000, the United States filed a Motion for Summary Judgment (# 42). Plaintiff and the United States filed a Stipulated Statement of Undisputed Facts (# 37). On February 28, 2000, Defendants West American, Campbell, Lukens–Campbell and Griffet filed a Stipulation to Statement of Undisputed Facts (# 45) in which they stipulated and agreed to the Statement of Undisputed Facts submitted by Plaintiff and the United States.

## ANALYSIS

### I. MOTIONS RELATED TO PLEADINGS

Plaintiff has filed two Motions related to pleadings in this case. On February 16, 2000, Plaintiff filed a Motion to Amend First Amended Complaint (# 38). Plaintiff stated that, in its First Amended Complaint, it misquoted the language of the exclusion in the policy issued to Hooten. Plaintiff asked for leave to amend the First Amended Complaint by interlineation to properly quote the language of the exclusion. Plaintiff's Motion to Amend (# 38) is GRANTED.

Also on February 16, 2000, Plaintiff filed a Motion for Leave to File an Answer to West American's Counterclaim (# 39). Plaintiff stated that, by inadvertance, no answer had been filed on behalf of Plaintiff to the Counterclaim. West American has not filed any document opposing this Motion. Accordingly, Plaintiff's Motion for Leave to File an Answer (# 39) is GRANTED.

### II. SUMMARY JUDGMENT MOTIONS

#### A. STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); see also *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In ruling on a motion for summary judgment, a district court has one task and one task only: to decide, based upon the evidence of record, whether there is any material dispute of fact that requires a trial. *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir.1994). In this case, however, the parties have agreed to a Stipulated Statement of Undisputed Facts, so it is agreed that there is no genuine issue as to any material fact. Further, the construction of an insurance policy is a question of law to be decided by the court. *DeBord v. United States*, 870 F.Supp. 250, 252 (C.D.Ill. 1994); *American States Ins. Co. v. Koloms*, 177 Ill.2d 473, 227 Ill.Dec. 149, 687 N.E.2d 72, 75 (1997). Therefore, the "interpretation of an insurance policy is a question of law that is an appropriate subject for disposition by way of summary judgment." *Jupiter Aluminum Corp. v. Home Ins. Co.*, 225 F.3d 868, ——, 2000 WL 1185514, at *4 (7th Cir.2000).

## B. INTERPRETATION OF EXCLUSION IN INSURANCE POLICY

The policy issued by Plaintiff to Hooten included the following exclusion:

A. We do not provide Liability Coverage for any person:

.    .    .    .    .

5. For that person's liability arising out of the ownership or operation of a vehicle while it is being used to carry persons or property for a fee. This exclusion (A.5) does not apply to a share-the-expense car pool.

Plaintiff argues that it is evident Hooten was transporting property for a fee at the time of the collision and the exclusion should be held applicable to deny coverage.

The parties do not dispute that Illinois law governs the interpretation of the insurance policy at issue. *See River v. Commercial Life Ins. Co.*, 160 F.3d 1164, 1168 (7th Cir.1998). A court's primary objective in construing the language of an insurance policy is to ascertain and give effect to the intentions of the parties as expressed in their agreement. *Koloms*, 227 Ill.Dec. 149, 687 N.E.2d at 75; *see also American Fire & Cas. Co. v. Broeren Russo Constr. Co.*, 54 F.Supp.2d 842, 846 (C.D.Ill.1999). If the terms of the policy are clear and unambiguous, they must be given their plain and ordinary meaning. *Koloms*, 227 Ill.Dec. 149, 687 N.E.2d at 75. However, if the terms of the policy are susceptible to more than one meaning, they are considered ambiguous. *Koloms*, 227 Ill.Dec. 149, 687 N.E.2d at 75. In such circumstances, the court must construe the policy in favor of the insured and against the insurer that drafted the policy. *Employers Ins. of Wausau v. Ehlco Liquidating Trust*, 186 Ill.2d 127, 237 Ill.Dec. 82, 708 N.E.2d 1122, 1130 (1999). In addition, provisions that limit or exclude coverage will be interpreted liberally in favor of the insured and against the insurer. *Koloms*, 687 N.E.2d at 75. An exclusionary clause will be applied to exclude coverage under

the insurance policy only if its applicability is clear and free from doubt. *DeBord*, 870 F.Supp. at 252; *see also River*, 160 F.3d at 1169 (insurance policy exceptions to liability must be expressed in unequivocal language so that it is reasonable to assume that the insured understood and accepted the limitations). Accordingly, in order to prevail, Plaintiff must demonstrate that the exclusion at issue here clearly and unambiguously excludes coverage under the present facts. *See Pender v. United States*, 866 F.Supp. 1129, 1135 (N.D.Ind. 1994).

Plaintiff relies primarily on *United States v. Milwaukee Guardian Ins. Co.*, 966 F.2d 1246 (8th Cir.1992). The court in *Milwaukee Guardian* also considered the issue of insurance coverage for a postal service employee delivering mail on a rural route. *Milwaukee Guardian*, 966 F.2d at 1246. As in this case, the postal service employee was involved in an accident while driving his privately owned vehicle. The language of the employee's insurance policy excluded coverage for "[b]odily injury or property damage arising out of the ownership, maintenance or use of a vehicle when used to carry persons or property for a charge." *Milwaukee Guardian*, 966 F.2d at 1247. The court held:

The postal service ... is paid a fee by whoever uses its delivery service. The fee paid covers the costs of delivery of the mailed material. The postal employee, here a rural mail carrier, carries out the deliveries. The employee is not divorced from, but is a part of, the postal service. Clearly, the employee is carrying property for a charge. Thus, the policy clause in question applies to exclude insurance coverage for the accident arising out of the use of [the employee's] vehicle to deliver mail. *Milwaukee Guardian*, 966 F.2d at 1247 (footnote omitted).

A similar result has been reached by several other courts. *See Progressive Ins. Co. v. Nationwide Ins. Co.*, 1997 WL 461558, at *3 (Ohio Ct.App.1997) (coverage

excluded under policy which excluded coverage for vehicle used to carry "property for a fee" where driver delivering pizzas and employer charged customers a fee of $1.00 per pizza delivery); *Dhillon v. General Accident Ins. Co.*, 1991 WL 51470, at * 1–2 (Tex.App.1991) (language excluding coverage when vehicle used to carry "property for a fee" unambiguous so that coverage excluded where insured was using the vehicle to make pizza deliveries for remuneration in the form of an hourly wage and mileage reimbursement); *Krauss v. DeRocili*, 1988 WL 90532, at *1 (Del.Super.Ct.1988), *aff'd* by *Domino's Pizza, Inc. v. Pennsylvania Nat. Mut. Cas. Ins. Co.*, 582 A.2d 934 (Del.1990) ("for a fee" exclusion applied to exclude coverage where vehicle used to deliver pizzas).

However, as noted by Defendants, the majority of courts which have considered this issue have reached a contrary conclusion. *See Richards v. U.S.*, 1989 WL 319835, at *3–5 (N.D.Ohio 1989) ("for a fee" exclusion was unclear as to its intended meaning and did not exclude coverage for postal carrier delivering the United States mail); *United States Fidelity & Guar. Co. v. Lightning Rod Mut. Ins. Co.*, 80 Ohio St.3d 584, 687 N.E.2d 717, 718–19 (1997) ("for a fee" exclusion is ambiguous and did not exclude coverage for an insured who delivered pizzas and was not paid per delivery); *Greany v. Branyan*, 1997 WL 679512, at *3–4 (Ohio Ct.App. 1997) (language in exclusion "to carry property for a fee" ambiguous and did not exclude coverage for accident which occurred while insured was delivering pizza); *Progressive Ins. Co. v. Heritage Ins. Co.*, 113 Ohio App.3d 781, 682 N.E.2d 33, 36 (1996) ("for a fee" exclusion ambiguous and did not preclude coverage for accident occurring while employee was delivering flowers for employer); *Colonial Ins. Co. of Cal. v. Jermann*, 102 Ohio App.3d 384, 657 N.E.2d 336, 338 (1995) ("for a charge" exclusion ambiguous and did not exclude coverage for pizza delivery driver); *Progressive Cas. Ins. Co. v. Metcalf*, 501 N.W.2d 690, 691–92 (Minn.Ct.App.1993)

("for a fee" exclusion deemed ambiguous and coverage found for insured who was making a pizza delivery at time of accident); *RPM Pizza, Inc. v. Automotive Cas. Ins. Co.*, 601 So.2d 1366, 1367 (La. 1992) ("for a fee" exclusion did not eliminate coverage while vehicle owner was using car to deliver pizza as wage-earner employed by pizza company); *Pizza Hut of Am., Inc. v. West Gen. Ins. Co.*, 36 Ark.App. 16, 816 S.W.2d 638, 641 (1991) ("for a fee" exclusion ambiguous as applied to pizza delivery driver); *First Georgia Ins. Co. v. Goodrum*, 187 Ga.App. 314, 370 S.E.2d 162, 164 (1988) ("for a fee" exclusion ambiguous and did not exclude coverage for insured's use of her vehicle to transport co-employees); *United Serv. Auto. Ass'n v. Couch*, 643 S.W.2d 668, 672 (Tenn.Ct.App.1982) ("for a fee" exclusion not applicable to use by pizza delivery driver paid an hourly wage); *see also Pender*, 866 F.Supp. at 1137–38 (exclusion for vehicle used as a "public or livery conveyance" was ambiguous and did not exclude coverage for postal worker who was using his personally insured vehicle to deliver mail when involved in accident).

The parties have not cited, and this court has not found, any Illinois or Seventh Circuit cases on this issue. However, this court concludes that it agrees with the majority view—that the exclusion is ambiguous and does not exclude coverage in this type of situation. This court finds particularly persuasive the careful analysis of the courts which have focused on the differing definitions of the term "fee." *See, e.g., Lightning Rod*, 687 N.E.2d at 719; *Metcalf*, 501 N.W.2d at 692; *RPM Pizza*, 601 So.2d at 1369–69; *Pizza Hut*, 816 S.W.2d at 640. In this case, Hooten was not paid a "fee" for delivering the mail but was paid a salary based upon the round trip mileage of the rural mail route and the number of delivery points on the route. *See Metcalf*, 501 N.W.2d at 692 (wages cannot be construed as "fee" within the meaning of the exclusion). Accordingly, this court agrees with the court in *Rich-*

*ards* that the mail was not carried "for a fee" in accordance with the expected meaning of the clause. *Richards,* 1989 WL 319835, at *4.

This court additionally notes that some courts have found the exclusion unenforceable as a matter of public policy because the exclusion was not authorized under state law for an automobile liability policy. *See United Serv. Auto. Ass'n v. Reid,* 255 A.D.2d 990, 680 N.Y.S.2d 340, 341 (N.Y.App.Div.1998); *Greany,* 1997 WL 679512, at *4; *Cubler v. Rettig,* 1995 WL 163524, at *4–5 (Del.Super.Ct.1995); *American Motorists Ins. Co. v. Travelers Ins. Co.,* 158 Misc.2d 257, 604 N.Y.S.2d 475, 477–78 (N.Y.Sup.Ct.1993); *see also State Farm Mut. Auto. Ins. Co. v. Universal Underwriters Group,* 182 Ill.2d 240, 231 Ill.Dec. 75, 695 N.E.2d 848, 850 (1998) (under § 7–317(b) of the Illinois Vehicle Code (625 Ill.Comp.Stat. § 5/7–317(b) (West 1998)), a liability policy issued to the owner of a vehicle must cover the named insured and any other person using the vehicle with the named insured's permission); *Pekin Ins. Co. v. State Farm Mut. Auto. Ins. Co.,* 305 Ill.App.3d 417, 238 Ill. Dec. 566, 711 N.E.2d 1227, 1230 (1999), *app. denied,* 185 Ill.2d 633, 242 Ill.Dec. 140, 720 N.E.2d 1095 (1999) (court held language in insurance policy excluding driver from coverage could not be enforced because it contradicted mandatory language of § 7–317(b) of the Illinois Vehicle Code).

For all of the reasons stated, this court concludes that the "for a fee" exclusion in the insurance policy issued by Plaintiff to Hooten is ambiguous and does not clearly apply to the facts of this case. Accordingly, the exclusion is not "unequivocal" and does not exclude coverage for Hooten for the accident which occurred on February 6, 1999. Therefore, Plaintiff's Motion for Summary Judgment (# 40) must be DENIED. For the same reason, the Motion for Summary Judgment filed by the United States (# 42) and the Motion for Summary Judgment filed by the other Defendants in this case (# 34) must be GRANTED.

IT IS THEREFORE ORDERED THAT:

(1) Plaintiff's Motion to Amend First Amended Complaint (# 38) is GRANTED.

(2) Plaintiff's Motion for Leave to File Answer to Counterclaim (# 39) is GRANTED.

(3) The Motion for Summary Judgment (# 34) filed by Defendants, West American Insurance Company, Steven D. Campbell, Amy L. Campbell–Lukens, and Danielle Jourdan Griffet, is GRANTED.

(4) Plaintiff's Motion for Summary Judgment (# 40) is DENIED.

(5) The United States' Motion for Summary Judgment (# 42) is GRANTED.

(6) Judgment is entered in favor of Defendants and against Plaintiff on Plaintiff's First Amended Complaint for Declaratory Judgment.

(7) Judgment is entered in favor of West American and against Plaintiff on West American's Counterclaim.

(8) This case is terminated. The parties shall be responsible for their own court costs.