PROGRESSIVE UNIVERSAL INSURANCE COMPANY OF ILLINOIS, Plaintiff-Appellee, v. LIBERTY MUTUAL FIRE INSURANCE COMPANY, Defendant-Appellant (Mikhail Lavit *et al.*, Defendants).

Second District    No. 2—03—0419

Opinion filed March 29, 2004.

Joseph P. Postel and Shari D. Goggin-Ward, both of Meachum, Spahr, Cozzi, Postel, Zenz & Matyas, of Chicago, for appellant.

Alyssa M. Campbell, Lloyd E. Williams, Jr., Richard Hodyl, Jr., and Mark Misiorowski, all of Williams, Montgomery & John, Ltd., of Chicago, for appellee.

JUSTICE BOWMAN delivered the opinion of the court:
Defendant, Liberty Mutual Fire Insurance Company (Liberty

Mutual), appeals from the trial court's order granting the motion for summary judgment by plaintiff, Progressive Universal Insurance Company of Illinois (Progressive), and denying Liberty Mutual's cross-motion for summary judgment. Progressive obtained a declaration that, pursuant to an exclusion in its insurance policy, it had no duty to defend or indemnify Ronald Abbinante, the son of its policyholder, Shirley Abbinante, in an underlying action (Lavit v. Abbinante, No. 01—L—0802 (Cir. Ct. Du Page County)). On appeal, Liberty Mutual argues that the policy exclusion is ambiguous and against the public policy expressed in section 7—317(b)(2) of the Illinois Vehicle Code (625 ILCS 5/7—317(b)(2) (West 2000)). We agree with Liberty Mutual's latter argument, and we therefore reverse the trial court's decision.

On August 25, 2000, Ronald was using Shirley's car to deliver pizzas for Casale Pizza, Inc., when he hit a pedestrian, Mikhail Lavit. Lavit and his wife sued Ronald and Casale Pizza, claiming that Lavit had suffered brain and spinal cord injuries. Progressive began defending Ronald under a reservation of rights and denied that it was required to indemnify him. The Lavits then sought and obtained the $100,000 limit of their uninsured motorist coverage with Liberty Mutual. Liberty Mutual demanded reimbursement from Progressive. In response, Progressive filed a declaratory judgment action seeking a declaration that it had no duty to defend or indemnify Ronald in the Lavits' suit. Liberty Mutual, as the Lavits'. subrogee, filed a counterclaim against Progressive for reimbursement of the uninsured motorist coverage. Progressive moved for summary judgment, arguing for the application of a policy provision that stated as follows, under the heading, *"PART I—LIABILITY TO OTHERS"*:

*"EXCLUSIONS—READ THE FOLLOWING EXCLUSIONS CAREFULLY. IF AN EXCLUSION APPLIES, COVERAGE WILL NOT BE AFFORDED UNDER THIS PART I.*

Coverage under this Part I, including *our* duty to defend, does not apply to:

1. *bodily injury* or *property damage* arising out of the ownership, maintenance, or use of a *vehicle* while being used to carry persons or property for compensation or a fee, including, but not limited to, delivery of magazines, newspapers, food, or any other products. This exclusion does not apply to share-expense car pools." (Emphasis in original.)

Ronald testified in a deposition that Casale Pizza paid him $1.25 per delivery.

Liberty Mutual filed a cross-motion for summary judgment, arguing that Progressive's food delivery exclusion was ambiguous and contrary to public policy. The trial court granted Progressive's motion

and denied Liberty Mutual's motion. Liberty Mutual timely appealed. Ronald and Casale Pizza are not parties to this appeal.

■ Summary judgment is appropriate where the pleadings, depositions, admissions, and affidavits on file, when viewed in the light most favorable to the nonmoving party, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2—1005(c) (West 2002); *General Casualty Insurance Co. v. Lacey*, 199 Ill. 2d 281, 284 (2002). The construction of an insurance policy provision is a question of law that can be properly decided on a motion for summary judgment. *Crum & Forster Managers Corp. v. Resolution Trust Corp.*, 156 Ill. 2d 384, 391 (1993). We review a grant of summary judgment *de novo*. *General Casualty Insurance Co.*, 199 Ill. 2d at 284.

■ Liberty Mutual argues that Progressive must defend and indemnify Ronald because the policy exclusion is ambiguous and against public policy. An insurer's duty to defend its insured is much broader than its duty to indemnify. *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 125 (1992). If the allegations of the underlying complaint, when liberally construed in favor of the insured, *potentially* fall within a policy's coverage, the insurer has a duty to defend the insured against the underlying complaint. *Outboard Marine Corp.*, 154 Ill. 2d at 125. The duty to indemnify arises only if the insured's activity and the resulting loss or damage *actually* fall within a policy's coverage. *Outboard Marine Corp.*, 154 Ill. 2d at 128. The insurer has the burden of establishing that a claim falls within a provision that limits or excludes coverage. *Sears Roebuck & Co. v. Acceptance Insurance Co.*, 342 Ill. App. 3d 167, 172 (2003).

■ We first examine whether the food delivery exclusion is ambiguous. If the words in the policy are unambiguous, a court must afford them their plain, ordinary, and popular meaning. *Outboard Marine Corp.*, 154 Ill. 2d at 108. However, insurance policies are to be liberally construed in favor of coverage, and if the words in the policy are susceptible to more than one reasonable interpretation, they are ambiguous and will be construed in favor of the insured and against the insurer that drafted the policy. *State Security Insurance Co. v. Burgos*, 145 Ill. 2d 423, 438 (1991). This is especially true for ambiguities that appear in exclusionary clauses. *Outboard Marine Corp.*, 154 Ill. 2d at 121. Still, courts should not exercise their inventive powers to create an ambiguity where none exists. *American Standard Insurance Co. v. Allstate Insurance Co.*, 210 Ill. App. 3d 443, 447 (1991). In determining if there is an ambiguity, we must read an insurance policy provision with reference to the facts of the case at hand, rather than in isolation. *American Family Mutual Insurance Co. v. Hinde*, 302 Ill. App. 3d 227, 232 (1999).

■ Liberty Mutual cites *Cincinnati Insurance Co. v. West American Insurance Co.*, 112 F. Supp. 2d 718 (C.D. Ill. 2000). There, a postal carrier was using his own vehicle to deliver mail along a rural route when he was involved in a car accident. *Cincinnati Insurance Co.*, 112 F. Supp. 2d at 719. His insurance policy excluded coverage of injury from the operation of "a vehicle while it is being used to carry persons or property for a fee." *Cincinnati Insurance Co.*, 112 F. Supp. 2d at 721. The postal carrier's compensation for mail delivery was based on the round-trip mileage of the postal route and the number of delivery points on that route. The court held that under Illinois law, the clause was ambiguous because the mail was not carried "for a fee" in accordance with the meaning of the provision. *Cincinnati Insurance Co.*, 112 F. Supp. 2d at 722-23. Liberty Mutual contends that Progressive's exclusion should similarly be held to be ambiguous.

However, as Progressive points out, the *Cincinnati Insurance Co.* court decided that the clause was ambiguous in reference to the facts of that case. *Cincinnati Insurance Co.*, 112 F. Supp. 2d at 723; see also Annotation, R. Sutton, *What Constitutes Use of Automobile "to Carry Persons or Property for Fee" within Exclusion of Automobile Insurance Policy*, 57 A.L.R.5th 591 (1998) (various jurisdictions have found similar exclusionary clauses to be both ambiguous and unambiguous, depending upon the facts of the cases). Here, Progressive's exclusion applies to deliveries made for a fee *or compensation* and further specifies that it includes, but is not limited to, the "delivery of magazines, newspapers, food, or any other products." Thus, the exclusion is broader and more detailed than the clause at issue in *Cincinnati Insurance Co.* Additionally, the parties do not dispute that Ronald was delivering pizzas when the accident occurred, nor do they dispute that Casale Pizza paid him $1.25 for each pizza that he delivered. Clearly, Ronald was delivering food when the accident took place, and the $1.25 he received for each delivery was either a fee or compensation. Therefore, we hold that, as applied to the facts in this case, the exclusion is not ambiguous.

■ We next examine whether the exclusion is contrary to public policy. Liberty Mutual argues that the exclusion is void because it conflicts with section 7—317(b)(2) of the Illinois Vehicle Code (625 ILCS 5/7—317(b)(2) (West 2000)). That section states that a motor vehicle liability policy "[s]hall insure the person named therein and any other person using or responsible for the use of such motor vehicle or vehicles with the express or implied permission of the insured." 625 ILCS 5/7—317(b)(2) (West 2000). This type of coverage is commonly referred to as "omnibus coverage." *State Farm Mutual Automobile Insurance Co. v. Hertz Claim Management Corp.*, 338 Ill. App. 3d 712,

716 (2003). The supreme court has stated that section 7—317(b)(2), coupled with Illinois's mandatory insurance law (625 ILCS 5/7—601(a) (West 2000)), requires that "a liability insurance policy issued to the owner of a vehicle must cover the named insured and any other person using the vehicle with the named insured's permission." *State Farm Mutual Automobile Insurance Co. v. Universal Underwriters Group*, 182 Ill. 2d 240, 244 (1998). Liberty Mutual maintains that since Ronald was a permissive driver, Progressive's liability insurance policy was required to cover him for the accident.

Liberty Mutual cites *State Farm Mutual Automobile Insurance Co. v. Smith*, 197 Ill. 2d 369 (2001). There, the supreme court held that an automobile business exclusion in an insurance policy violated public policy because it conflicted with section 7—317(b)(2). *Smith*, 197 Ill. 2d at 374. The exclusion denied coverage when the vehicle was being repaired, serviced, or used by anyone employed or engaged in an automobile business. The supreme court stated:

"When a vehicle owner gives his vehicle to a person engaged in an automobile business, the owner is also giving that person the express or implied permission to use the vehicle. Therefore, a provision written into an insurance policy that excludes coverage for persons engaged in an automobile business necessarily excludes coverage for persons who are using an insured's vehicle with the insured's express or implied permission. The exclusion thus violates section 7—317(b)(2) of the Illinois Vehicle Code. As stated, an insurance policy provision which conflicts with a statute is void." *Smith*, 197 Ill. 2d at 374.

The supreme court stated that the principal purpose of mandatory automobile liability insurance is to protect the public by securing payment of its damages. *Smith*, 197 Ill. 2d at 376. It further stated that it was expressing no opinion as to whether any other exclusions would be valid. *Smith*, 197 Ill. 2d at 379.

Since *Smith* was decided, the appellate court has validated at least one exclusion. In *St. Paul Fire & Marine Insurance Co. v. Smith*, 337 Ill. App. 3d 1054, 1060 (2003), the appellate court held that the legislature intended to create a limited exception for named driver exclusions. In arriving at its conclusion, the court noted that section 7—602 of the Illinois Vehicle Code (625 ILCS 5/7—602 (West 2002)), which pertains to insurance cards, recognizes that insurance policies may exclude named drivers from coverage. *St. Paul Fire & Marine Insurance Co.*, 337 Ill. App. 3d at 1059-60.

■ We agree with Liberty Mutual that the exclusion at issue violates public policy. Shirley gave Ronald her express permission to use the vehicle. Under the omnibus coverage mandated by section

7—317(b)(2), Shirley's liability policy was required to cover him. The impetus behind mandatory automobile liability insurance is to protect the public by assuring that its damages will be paid (*Smith*, 197 Ill. 2d at 376), and Progressive's food delivery exclusion contravenes that goal. Unlike in *St. Paul Fire & Marine Insurance Co.*, there is no evidence that the legislature intended to allow such an exclusion. Therefore, the exclusion conflicts with the coverage required by the statute. Statutes are an expression of public policy, and an insurance policy provision that conflicts with a statute is void. *Smith*, 197 Ill. 2d at 372. Accordingly, Progressive may not rely on the exclusion to deny Ronald liability coverage but instead must defend and indemnify him. We note that our holding is limited to requiring liability coverage and does not extend to coverage for damages to the insured vehicle. See *Universal Underwriters Group v. Pierson*, 337 Ill. App. 3d 893, 897 (2003) (public policy requires that injured third party be covered by car owner's insurance policy, but coverage not required for damages to the insured vehicle while driven by permissive user).

We also note that our holding is consistent with holdings in other jurisdictions that have examined this issue. In *Stanfel v. Shelton*, 563 So. 2d 410, 413 (La. App. 1990), the insured's policy contained an exclusion denying coverage if the vehicle was used to carry persons or property for a fee, or used in the course of employment. *Stanfel*, 563 So. 2d at 413. The insured's son was using the car to deliver pizzas when an accident occurred. *Stanfel*, 563 So. 2d at 411. The court held that the exclusion was invalid because it conflicted with a statute requiring insurance coverage for all permissive drivers. *Stanfel*, 563 So. 2d at 413; see also *St. Paul Fire & Marine Insurance Co. v. Mid-Century Insurance Corp.*, 18 P.3d 854, 856 (Colo. App. 2001) (business delivery exclusion invalid because it conflicted with statute requiring coverage for permissive users).

Progressive argues that *Smith* is distinguishable from this case because the automobile business exclusion barred coverage for a certain class of people, whereas Progressive's policy excludes coverage for only certain activities. Progressive maintains that a permissive user is governed by the same policy exclusions that apply to the named insured. However, Progressive has not cited any authority for this argument, nor has our research revealed any. Furthermore, Progressive's exclusion could be interpreted as barring coverage for all drivers engaged in a delivery business, just as *Smith* involved an exclusion denying coverage for all drivers engaged in an automobile business. We hold that Progressive's exclusion is void as to permissive users because it conflicts with section 7—317(b)(2). As previously stated, the public policy behind the statute is to allow the public to recover its damages, and such an exclusion contravenes this goal.

Progressive also maintains that if all exclusions for permissive users are prohibited, it could be liable for intentional criminal acts by such drivers. This contention is of limited merit because, as a general rule, it is against public policy to indemnify for intentional misconduct. *Lincoln Logan Mutual Insurance Co. v. Fornshell*, 309 Ill. App. 3d 479, 483 (1999). Furthermore, our decision relates only to the exclusion at issue here. We do not address whether other exclusions for permissive users would be valid.

For the foregoing reasons, we reverse the judgment of the circuit court of Du Page County. Our decision results in a grant of summary judgment in favor of Liberty Mutual.

Reversed.

HUTCHINSON and GILLERAN JOHNSON, JJ., concur.