■ In the Matter of NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Respondent, v KEANNE BYFIELD et al., Respondents, and GEICO INSURANCE COMPANY, Appellant, et al., Respondent. [5 NYS3d 214]—

In a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of claims for uninsured motorist benefits, GEICO Insurance Company appeals from an order of the Supreme Court, Queens County (Raffaele, J.), entered April 8, 2014, which, after a hearing. granted that branch of the petition which was to permanently stay arbitration of the uninsured motorist claims.

Ordered that the order is affirmed, with costs.

On March 17, 2013, a two-car accident occurred, involving a Nissan Maxima insured by the petitioner, New York Central Mutual Fire Insurance Company (hereinafter New York Central), and a Chrysler Town and Country mini-van insured by the appellant, GEICO Insurance Company (hereinafter GEICO). Three occupants of the Nissan sought uninsured motorist benefits under the policy issued by New York Central, contending that GEICO's disclaimer of liability coverage with respect to the mini-van rendered that vehicle uninsured. In an order entered April 8, 2014, the Supreme Court, after a hearing, granted that branch of New York Central's petition which was to permanently stay arbitration of the uninsured motorist claims, concluding that GEICO had not validly disclaimed. We affirm.

Pursuant to regulations issued by New York State Department of Financial Services, an insurer may exclude, from an automobile owner's policy of liability insurance, coverage for claims arising "while the motor vehicle is used as a public or livery conveyance" (11 NYCRR 60-1.2 [a]). GEICO's disclaimer was based on an exclusion contained in its policy relating to "any vehicle used to carry passengers or goods for hire [except a] vehicle used in an ordinary carpool on a ride sharing or cost sharing basis." Exclusions from coverage are "construed strictly

against the insurer" (*Cone v Nationwide Mut. Fire Ins. Co.*, 75 NY2d 747, 749 [1989]). In accordance with this rule of strict construction, a "single use of a vehicle for hire has been held not to make out use as 'a public [or] livery conveyance' " (*National Grange Mut. Ins. Co. of Keene, N.H. v Cervantes*, 17 AD2d 1002, 1002 [1962]). The facts adduced at the hearing warranted the conclusion that, while GEICO's insured might have been employing his mini-van to transport a passenger "for hire" at the time of the accident, his use of the vehicle for such purpose entailed a "single isolated use" that was "not tantamount to its employment as a 'public or livery conveyance' " (*National Grange Mut. Ins. Co. v Cervantes*, 25 AD2d 471, 472 [1966]; *cf. Matter of State Farm Mut. Auto. Ins. Co. v Williams*, 7 Misc 3d 1029[A], 2005 NY Slip Op 50812[U] [Sup Ct, Kings County 2005]).

Although the language employed in the "public or livery conveyance" exclusion under consideration in *National Grange Mut. Ins. Co. of Keene, N.H. v Cervantes* (17 AD2d 1002 [1962]) might be narrower than the language employed in the "for hire" exclusion at issue in this case (*see* Randy J. Sutton, Annotation, *What Constitutes Use of Automobile 'to Carry Persons or Property for Fee' within Exclusion of Automobile Policy*, 57 ALR5th 591, § 2), the "for hire" exclusion here should not be construed so as to extend its scope beyond the exclusion authorized by 11 NYCRR 60-1.2 (a) (*see United Servs. Auto. Assn. v Reid*, 255 AD2d 990 [1998]; *see also Matter of Liberty Mut. Ins. Co. [Hogan]*, 82 NY2d 57 [1993]; *American Motorists Ins. Co. v Travelers Ins. Co.*, 158 Misc 2d 257 [Sup Ct, Albany County 1993]). Construing the "for hire" exclusion as narrowly as the "public or livery" exclusion, as we must, we conclude that it does not justify GEICO's disclaimer of coverage in the particular circumstances of this case, where the Supreme Court's determination that the use of the mini-van as a livery vehicle entailed a "single isolated use" was warranted by the facts (*National Grange Mut. Ins. Co. v Cervantes*, 25 AD2d 471 [1966]; *cf. Matter of State Farm Mut. Auto. Ins. Co. v Williams*, 7 Misc 3d 1029[A], 2005 NY Slip Op 50812[U] [Sup Ct, Kings County 2005]).

Accordingly, the Supreme Court properly granted that branch of the petition which was to permanently stay arbitration of the uninsured motorist claims. Mastro, J.P., Dickerson, Maltese and Barros, JJ., concur.