**Ralph T. HIGHFILL, Plaintiff-Respondent,**

v.

**Leroy Francis BROWN and H. Azell Morris, Inc., a Corporation, Defendants-Appellants.**

**No. 46832.**

Supreme Court of Missouri,

Division No. 1.

Jan. 12, 1959.

Motions for Rehearing or to Transfer to Court en Banc Denied Feb. 9, 1959.

494

James H. Keet, Walker, Daniel, Clampett, Rittershouse & Ellis, Springfield, for defendants-appellants.

Farrington & Curtis, Richard Farrington, Mann, Walter, Powell, Burkart & Weathers, Jack A. Powell, Springfield, for plaintiff-respondent.

WESTHUES, Judge.

Plaintiff Highfill filed this suit against the defendants Brown and H. Azell Morris, Inc., for $27,500 as damages for personal injuries alleged to have been sustained in a collision of a car which he was driving and a pickup truck driven by Brown for Morris, his employer. Brown filed a counterclaim asking $25,000 for personal injuries he sustained and Morris filed a counterclaim for $900 as damages to the truck. A trial resulted in a verdict for the defendants on plaintiff's petition and a verdict for plaintiff on defendants' counterclaims. All parties filed motions for a new trial. The trial court sustained plaintiff's motion for new trial on an assigned reason that defendants' instructions 7 and 12 "were confusing and misleading in this case and that the giving of them constituted error as a matter of law." The court overruled defendants' motion for new trial. From the judgments entered, the defendants appealed.

The collision in question occurred at about 5:30 o'clock on the afternoon of February 18, 1957, on Highway 65 about 2½ miles north of the intersection of Highways 65 and 66, north of Springfield, Missouri. Highway 65 runs north from Springfield. About 2 miles north of the intersection, beginning at Krasser's Store, there is a slight downgrade for a short distance and then an upgrade. A driver going north has a clear view of the roadway north from the crest at Krasser's Store for a distance of at least ½ mile. At a point north and a little more than halfway from the south crest to the north crest there is a driveway joining the west side of the highway and running westerly to a number of private homes.

Immediately before the collision, Brown was driving north at a speed of about 45 to 50 miles per hour. Following Brown were two cars about two car lengths apart. As Brown neared the driveway, he slowed down to a speed of about 20 m. p. h., intending to enter the driveway to his left. About this time, plaintiff approaching from the rear at a speed of about 50 m. p. h., noticed the three vehicles ahead of him and seeing a clear road on the left side of the highway, he began passing the cars ahead. Just as he passed the second car and about the time he was about to pass Brown's truck, Brown turned the truck to the left and plaintiff's car collided with it. The truck came to a stop several car lengths north of the driveway on the west side of Highway 65. Plaintiff's car came to rest a short distance south of the truck. There was no dispute as to the above facts and circumstances. The dispute in the evidence was whether Brown gave any signal of his intention of turning to the left at the driveway and whether plaintiff sounded a warning of his intention of passing the truck.

A further dispute, which we shall dispose of before considering other questions, concerned the question of whether the driveway to the left was an intersection within the meaning of Sec. 304.016, Subsection 4(2), V.A.M.S., Pocket Parts, p. 66, which provides that no vehicle shall at any time be driven to the left side of a roadway "when approaching within one hundred feet of or at any intersection * * *." Sec. 301.010(8), V.A.M.S., Pocket Parts, p. 3, Definitions, reads as follows: "(8) 'Intersecting highways,' any highway which joins another, whether or not it crosses the same; * * *." The evidence in the record justifies the statement that the driveway in question to the west of Highway 65 was not a public road, had not been dedicated to the public, and was used by three home owners. It is evident that the driveway did not come within the definition of the statute. 60 C.J.S. Motor Vehicles §§ 351 and 352, pp. 833–836.

There is substantial evidence in the record to support a finding that each driver, Highfill and Brown, was negligent. The

jury evidently found that they were negligent and therefore found against both plaintiff and defendants on their claims for damages.

There is also evidence from which a jury could find that either or both of the drivers were free from negligence. In short, there was evidence both pro and con as to whether Highfill sounded a timely warning of his intention of passing the truck. There was evidence both that Brown did and that he did not give a timely signal of his intention of making a left turn into the driveway.

The evidence in the record shows that both drivers were acquainted with the highway and knew of the existence of the driveway in question. Each driver had traveled the highway for many years.

■ The trial court granted a new trial deeming instructions 7 and 12, given at defendants' request, to be confusing and erroneous. We shall not consider instruction No. 7 for the reason that we deem it not to be prejudicial. On retrial, it may be redrafted to conform to the evidence. Instruction 12, which the trial court held to be "confusing and misleading" informed the jury, in substance, that if the jury found that on February 18, 1957, the driveway where the collision occurred was visible to a northbound motorist for at least a quarter of a mile and that Brown was driving the truck in question north and approaching the driveway and that plaintiff was also driving his car north and behind the truck and that "if you further find that at said time and place the plaintiff overtook the defendants' automobile from the rear and that plaintiff thereafter left the northbound lane of travel and drove his automobile to the left side of the highway for the purpose of overtaking and passing the defendants' automobile at said driveway, when plaintiff knew, or by the exercise of the highest degree of care should have known, that defendants intended to turn to the left into said driveway, if so, and if you find that in so doing, the plaintiff was neg-

ligent and that such negligence, if any, directly and proximately caused or contributed to cause the collision between plaintiff's and defendants' automobiles and plaintiff's injuries mentioned in the evidence," then the jury should find for the defendants on plaintiff's petition. It is evident that the instruction gave the jury a roving commission to find against plaintiff. The instruction did not submit to the jury any facts on which to base a finding that plaintiff should have known Brown intended to turn left into the driveway. The instruction should have required a finding of some fact or facts from which plaintiff could have determined that Brown intended to turn left, for example, a timely warning, or that defendant Brown began a left turn at such a point that plaintiff had time to observe such turn and slow the speed of his car or to stop. The trial court's ruling must therefore be sustained. A trial court had a legal basis upon which to exercise its discretion in sustaining the motion for new trial. In such a situation, an appellate court defers to the ruling of the trial court. Instruction No. 12 was erroneous. Jones v. Rash, Mo., 306 S.W.2d 488, loc. cit. 491, 492(2); Pulse v. Jones, Mo., 218 S.W.2d 553, loc. cit. 556(4, 5). The trial court's order sustaining plaintiff's motion for new trial must be affirmed.

■ Defendants, on the appeal from the order denying them a new trial as to their claims against plaintiff, briefed only one question and that is that the trial court erred in refusing to give their requested instruction No. 14. This instruction was asked on the theory that if the jury found that plaintiff attempted to pass the Brown truck at a driveway and if the driveway was open and used by the public and that plaintiff was negligent, then the jury should enter a verdict for defendants. It should be noted that this instruction has no bearing on defendants' counterclaims. It is an instruction authorizing a verdict against plaintiff on his petition for damages. The jury found for the defendants on plaintiff's petition, therefore, the error, if any, in re-

fusing to give instruction No. 14 on plaintiff's alleged contributory negligence became and is harmless.

We have disposed of all questions briefed and ordinarily this would end our consideration of the case. However, in view of the conflicting evidence in this case as to whether plaintiff Highfill or defendant Brown was guilty of negligence, we shall, in justice to the parties, consider a further point. We notice that plaintiff asked and the court gave an instruction on the burden of proof concerning defendants' counterclaims. This instruction (No. 15) reads as follows: "The Court instructs the jury that the charge laid by the Defendants against the Plaintiff in Defendants' counterclaims in this case is one of negligence. Recovery may not be had on a charge of negligence except when such charge is sustained by the preponderance, that is, the greater weight of the credible evidence, to the reasonable satisfaction of the jury.

"It does not devolve upon the Plaintiff to disprove said charge of negligence made by the Defendants in their counterclaims, but rather the law casts the burden of proof in reference to said charge upon the Defendants and said charge of negligence on said counterclaims must be sustained by the preponderance, that is, *the greater weight of the credible evidence, to the satisfaction of the jury*. (Emphasis ours)

"If, therefore, you find the evidence touching the charge of negligence against the Plaintiff on the counterclaims of Defendants does not preponderate in favor of the Defendants, or is evenly balanced, then, and in that case, Defendants are not entitled to recover against the Plaintiff on their counterclaims and you will find your verdict for the Plaintiff on Defendants' counterclaims."

Instructions on burden of proof in civil cases requiring the jury to find that the burden of proof must be sustained by "the greater weight of the credible evidence, to the satisfaction of the jury" have been condemned by this court so often that it is difficult to understand that any party litigant would risk asking that such an instruction be given. In fact, such instructions should not contain the phrase, "to the reasonable satisfaction of the jury." All that should be required is that the party on whom the burden is cast must prove his case by a preponderance, that is, the greater weight of the credible evidence. Instructions in civil cases requiring a greater proof than a preponderance of the credible evidence have been generally condemned. Note what is said in 31 C.J.S. Evidence § 104, p. 709, 710: "The rules as to the burden of proof are important and indispensable in the administration of justice, and constitute a substantial right of the party on whose adversary the burden rests; they should therefore be jealously guarded and rigidly enforced by the courts."

Missouri cases condemning instructions requiring a degree of proof "to the satisfaction of the jury" are Ilgenfritz v. Quinn, Mo., 318 S.W.2d 186; Machens v. Machens, Mo., 263 S.W.2d 724, loc. cit. 730–732(5, 6) ; Seago v. New York Central R. Co., 349 Mo. 1249, 164 S.W.2d 336, loc. cit. 340, 341(5, 6), 147 A.L.R. 372, and cases there cited from this state and many other states.

Rule 3.27 of this court, 42 V.A. M.S. provides that "Plain errors affecting substantial rights may be considered on motion for new trial or on appeal, in the discretion of the court, though not raised in the trial court or preserved for review, or defectively raised or preserved, when the court deems that manifest injustice or miscarriage of justice has resulted therefrom." The above rule should not be invoked except in cases, as the rule states, "when the court deems that manifest injustice" will result unless the court considers the plain error appearing in the record which has not been preserved for review. In this case, this court deems that it would be unjust to have a retrial of this case on plaintiff's petition for damages and not to permit the defendants to present and try their claims.

The order of this court will be that the action of the trial court granting plaintiff a new trial is hereby affirmed, and the order of the trial court overruling defendants' motion for new trial is hereby reversed and set aside, and it is ordered that a trial be had on all issues as presented by the pleadings of plaintiff and the defendants.

It is so ordered.

DALTON and HOLLINGSWORTH, JJ., concur.

HYDE, P. J., concurs in result.