Dewain **FULLERTON** and Rose Mary Fullerton, His Wife, and William J. Penrod, Trustee of the William J. Penrod Revocable Living Trust, Dated May 21, 1997, Plaintiffs–Respondents,

v.

Chad **FULLERTON**, Defendant–Appellant.

No. SD 31754.

Missouri Court of Appeals, Southern District, Division Two.

Oct. 24, 2012.

Rehearing Denied Nov. 15, 2012.

mary Appraisal Reports did not satisfy the requirements for appraisals under § 523.256(2) and § 523.253.2(2).

Wendell L. Hoskins, II, Caruthersville, MO, for Appellant.

W. Edward Reeves, Caruthersville, MO, for Respondents.

JEFFREY W. BATES, J.

Chad Fullerton (Chad) appeals from a judgment upholding the validity of his farm lease, but awarding him no damages because he had not proven his entitlement thereto "by clear and convincing evidence."[1] On appeal, Chad's first point contends the trial court erroneously used the wrong burden of proof, which prejudiced Chad in proving his damages. We agree. Because that error affected only the issue of damages, the trial court's findings and conclusions concerning the validity of the farm lease are affirmed. The portion of the judgment awarding Chad no damages is reversed. The cause is remanded so the trial court can apply the correct burden of proof to the existing record on damages.

Our review in this court-tried case is governed by Rule 84.13(d) and is well established. *Grider v. Tingle,* 325 S.W.3d 437, 440 (Mo.App.2010); *Crossland v. Thompson,* 317 S.W.3d 635, 637 (Mo. App.2010).[2] "The trial court's judgment will be sustained unless no substantial evidence supports it, it is against the weight of the evidence, or it erroneously declares

---

1. Because other parties to this action share the same surname, we use Chad's first name for purposes of clarity. No disrespect is intended.

2. All references to rules are to Missouri Court Rules (2012).

or applies the law." *Crossland,* 317 S.W.3d at 637; *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). We view the evidence and all reasonable inferences derived therefrom in the light most favorable to the judgment, and disregard all contrary evidence and inferences. *Bacon v. Uhl,* 173 S.W.3d 390, 396 (Mo.App.2005). The credibility of the witnesses and the weight to be given to their testimony is for the trial court, which is free to believe none, part or all of the testimony of any witness. *Christian Health Care of Springfield West Park, Inc. v. Little,* 145 S.W.3d 44, 48 (Mo.App.2004). "We defer to the trial judge's superior opportunity to assess the witnesses' credibility." *Lee v. Hiler,* 141 S.W.3d 517, 520 (Mo.App.2004). We do not defer to the trial court's determination of questions of law. *Strader v. Progressive Ins.,* 230 S.W.3d 621, 623 (Mo. App.2007). We review questions of law *de novo. Id.* Our summary of the evidence, which is set forth below, has been prepared in accordance with these principles.

The underlying lawsuit arose out of a dispute over who was legally entitled to possession of a 330–acre tract of farmland referred to as the Wagner Farm, located in New Madrid County, Missouri (the farm). The farm was owned by Dewain and Rose Mary Fullerton, Chad's grandparents (the Fullertons). In 2005, Chad began raising cotton on the farm pursuant to an oral agreement with the Fullertons. On July 22, 2009, Chad and the Fullertons entered into a written Crop Rent Farm Lease (farm lease). The five-year lease commenced on January 1, 2010 and ended on December 31, 2014. The annual profits from cotton were to be divided 70% to Chad and 30% to the Fullertons. According to the terms of the lease, if the Fullertons as Landlords "should sell or otherwise transfer title of the farm, [they] will do so subject to the provisions of this Lease." The farm lease was duly recorded.

On February 3, 2010, the Fullertons sold the farm for $1,373,400 to the William J. Penrod Revocable Living Trust. William Penrod (Penrod) was the trustee. Immediately thereafter, the Fullertons and Penrod filed suit against Chad. The three-count petition sought: possession of the farm (Count I); cancellation of the written farm lease, which was alleged to be a forgery (Count II); and damages for fraud (Count III). In March 2010, Penrod orally leased the farm to Ryan Riley (Riley) on a crop rent basis. Thereafter, Chad was denied access to the farm and prevented from planting his cotton crop on the premises.

In April 2010, Chad sought ejectment and a temporary injunction to restrain Penrod from planting crops on the farm. In June 2010, the trial court denied those requests. In July 2010, Riley planted soybeans on the farm, but that crop failed due to drought conditions. Riley then planted a wheat crop, which was not expected to mature until June 2011.

In January 2011, the case was tried to the court. The Fullertons and Chad were among those testifying. Chad testified that he sustained $261,359 in damages because he was prevented from planting cotton on the farm during the 2010 crop year. Exhibit 4, which summarized Chad's lost profits and consequential damages, was received in evidence to support his oral testimony.

In November 2011, the trial court entered its judgment. The court determined that the written farm lease between Chad and the Fullertons was "valid and enforceable" for the specified five-year period. The court granted possession of the farm to Chad, but allowed Penrod to "cultivate and harvest the growing wheat crop ... under the doctrine of emblements." The court also decided Chad's request for damages was "unsupported by clear and convincing evidence." This appeal followed.

■ Although Chad presents three points on appeal, we need address only one. In Point I, Chad contends the trial court erroneously declared the law by requiring Chad to prove his damages by clear and convincing evidence. Chad argues that he was only required to prove damages by a preponderance of the evidence and that he was prejudiced by the trial court's use of a more stringent burden of proof. We agree.

In *Highfill v. Brown*, 320 S.W.2d 493 (Mo. banc 1959), our Supreme Court explained that "[t]he rules as to the burden of proof are important and indispensable in the administration of justice, and constitute a substantial right of the party on whose adversary the burden rests; they should therefore be jealously guarded and rigidly enforced by the courts." *Id.* at 497. In this civil action, Chad was only required to prove his entitlement to actual damages by a preponderance of the evidence. *See, e.g., Swartz v. Gale Webb Transp. Co.*, 215 S.W.3d 127, 130–31 (Mo. banc 2007); *Mitchell v. Residential Funding Corp.*, 334 S.W.3d 477, 507 (Mo.App.2010); *Adbar, L.C. v. New Beginnings C–Star*, 103 S.W.3d 799, 803 (Mo.App.2003).

■■ In contrast, "[e]vidence is clear, cogent and convincing when it instantly tilts the scales in the affirmative when weighed against the evidence in opposition and the fact finder's mind is left with an abiding conviction that the evidence is true." *In re A.M.C.*, 983 S.W.2d 635, 637 (Mo.App.1999). It is well settled that the clear, cogent and convincing burden of proof is more stringent than the preponderance of the evidence burden of proof.

*See, e.g., Lopez–Vizcaino v. Action Bail Bonds, Inc.*, 3 S.W.3d 891, 893 (Mo.App. 1999) (a search for clear and convincing evidence requires the circuit court to scrutinize the evidence in much closer detail than it does in cases in which the burden of proof is a mere preponderance); *A.M.C.*, 983 S.W.2d at 637. Thus, the trial court erroneously declared the law by requiring Chad to prove his actual damages by clear and convincing evidence. *See Blue Pool Farms, LLC v. Basler*, 239 S.W.3d 687, 690 (Mo.App.2007). Nothing in the record allows us to say with confidence that the trial court would have found Chad's evidence of damages insufficient to induce the required level of belief if the proper, lower burden of proof had been used. Therefore, the error was prejudicial.[3] *See id.* at 691 (holding that the outcome of the case could have been different if the trial court had imposed the appropriate burden). Point I is granted.

That portion of the trial court's judgment denying any actual damages to Chad is reversed. The cause is remanded for the trial court to decide the issue of damages again, after reviewing the trial transcript and exhibits, using a preponderance of the evidence burden of proof. *See Swartz*, 215 S.W.3d at 130–31; *Patrick V. Koepke Constr., Inc. v. Woodsage Constr. Co.*, 844 S.W.2d 508, 516 (Mo.App.1992). In all other respects, the judgment is affirmed.

DANIEL E. SCOTT, P.J., and DON E. BURRELL, C.J., CONCUR.

---

**3.** The Fullertons and Penrod contend the error was not prejudicial because the trial court could have disbelieved Chad's evidence of damages. That argument is unpersuasive because: (1) the trial court obviously believed Chad's testimony that the farm lease was not forged; (2) the judgment explicitly states that Chad failed to prove his damages by clear and convincing evidence; and (3) nowhere in the record did the trial court make a finding that it simply disbelieved Chad's damages evidence.