**Scotty DRY, Plaintiff–Appellant,**

v.

**UNITED FIRE & CASUALTY CO., INC., Defendant–Respondent.**

No. SD 32296.

Missouri Court of Appeals,
Southern District,
Division Two.

June 21, 2013.

Motion for Rehearing and/or Transfer to Supreme Court denied July 15, 2013.

Application for Transfer Denied Oct. 1, 2013.

Gregory W. Aleshire, Springfield, MO, for Appellant.

Jacqueline A. Cook, Kansas City, MO, for Respondent.

MARY W. SHEFFIELD, J.

Scotty Dry ("Dry") appeals from the trial court's judgment in favor of United Fire & Casualty Company ("United Fire") in an equitable garnishment action under Section 379.200.[1] Dry argues the trial

1. All statutory references are to RSMo (2000).

court erred in finding the tortfeasor in the underlying personal injury action, Charley Reed ("Reed"), was not an insured. We disagree and affirm the trial court's judgment.

### Standard of Review

In a court-tried case, "we must affirm the trial court's judgment unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law." *Strader v. Progressive Ins.*, 230 S.W.3d 621, 622 (Mo.App. S.D.2007). Where, as here, the case was tried based on stipulated facts, we review the case "to determine whether the trial court drew the proper legal conclusion from the agreed facts." *Farm Bureau Town & Country Ins. Co. of Missouri v. American Alt. Ins. Corp.*, 347 S.W.3d 525, 528 (Mo.App. W.D. 2011). Furthermore, the interpretation of a contract is an issue of law, which we review *de novo*. *Strader*, 230 S.W.3d at 623.

### Factual and Procedural Background

United Fire issued a commercial general liability insurance policy to Bill Wingo Masonry Company, Inc. and Wingo Construction Co., Inc. (collectively "Wingo Masonry"). The policy was effective from June 16, 2007, until June 16, 2008. The policy provided coverage for bodily injury or property damage caused by an "insured." Included in the definition of the term "insured" were "volunteer workers[.]" The policy defined a "volunteer worker" as

a person who is not your "employee", [sic] who donates his or her work and acts at the direction of and within the scope of duties determined by you, and is not paid a fee, salary or other com-

pensation by you or anyone else for their work performed for you.

The policy defined the term "you" to mean the named insured shown on the declarations page. The named insured on the declarations page was Wingo Masonry.

Richard Wingo ("Richard") owned Wingo Masonry. His brother, Jack Wingo ("Jack"), worked for the company. Wingo Masonry owned a forklift. Jack was primarily in charge of ensuring the forklift was maintained. In July 2007, Jack took the forklift to the home of Jerry Wiggins ("Wiggins") and asked Wiggins to repair a hydraulic leak and change the oil and the filter. Wiggins was not an employee of Wingo Masonry, but he would be paid for his work on the forklift.

For various reasons Wiggins requested Reed to perform the maintenance on the forklift. Reed was not an employee of Wingo Masonry, and Wingo Masonry was not going to pay Reed for this work. Reed was not an employee of Wiggins and was not going to be paid by Wiggins. Reed did work on the forklift for free. Wiggins did not tell anyone at Wingo Masonry about this arrangement. On July 17, 2007, Reed drove the forklift from Wiggins' home to his own home to perform the maintenance. During the trip, Reed collided with a pickup truck operated by Dry. Dry was injured in the collision.

Dry sued Reed and Wingo Masonry alleging various theories of negligence. Reed requested a defense from United Fire. United Fire denied the request stating Reed was not an insured. Reed entered a Section 537.065 agreement with Dry under which Dry would receive the policy limits from Reed's homeowner's insurance policy and would seek recovery of additional damages from United Fire alone. A trial was held, and Dry subsequently obtained a net judgment against Reed in the amount of $410,000 plus court costs.

In a separate action, Dry then filed a petition for equitable garnishment under Section 379.200, naming United Fire as defendant. The case was tried without a jury on stipulated facts. The trial court found Reed was not acting at the direction of anyone from Wingo Masonry because no one from Wingo Masonry knew Reed would be driving or repairing the forklift. The trial court concluded Reed was not an insured because he was not a "volunteer worker" for Wingo Masonry under the policy. Dry appeals.

### Discussion

In his sole point on appeal, Dry argues the trial court erred in finding Reed was not an insured because a named insured's agent must be able to determine the scope of the duties of volunteer workers.[2] We disagree.

■ This case involves an equitable garnishment. "An equitable garnishment action consists of proof that plaintiff has

---

2. This is our best understanding of the argument presented based on the point relied on which reads:

THE TRIAL COURT ERRED IN CONCLUDING CHARLEY REED IS NOT INSURED AS A VOLUNTEER WORKER UNDER THE UNITED FIRE INSURANCE POLICY FOR THE JULY 17, 2007, ACCIDENT, BECAUSE IF THE TRIAL COURT RULES THAT AN INSURANCE POLICY IS UNAMBIGUOUS IT MUST APPLY THE FACTS TO THE POLICY AS WRITTEN, IN THAT THE TRIAL COURT ERRONEOUSLY FOUND A NAMED INSURED'S AGENT COULD NOT DETERMINE AND DIRECT THE SCOPE OF DUTIES OF VOLUNTEER WORKERS WHEN NO SUCH LIMITATION OR CONDITION IS CONTAINED IN THE POLICY THAT PRECLUDES COVERAGE TO A VOLUNTEER WORKER LIKE CHARLEY REED.

obtained a judgment in his favor against an insurance company's insured[s] during the policy period and the injury is covered by the insurance policy." *Wilson v. Traders Ins. Co.*, 98 S.W.3d 608, 612 (Mo.App. S.D.2003) (quoting *Peck v. Alliance Gen. Ins. Co.*, 998 S.W.2d 71, 74 (Mo.App. E.D. 1999)). The parties stipulated that Dry obtained a judgment in his favor, and that the accident occurred within the policy period. The issue becomes whether Reed was an "insured" under the commercial general liability policy United Fire issued to Wingo Masonry.

"In construing the terms of an insurance policy, this Court uses an objective standard, applying the meaning which would be attached by an ordinary person of average understanding if purchasing insurance." *Burns v. Smith*, 303 S.W.3d 505, 511 (Mo. banc 2010). We apply the general rules of contract interpretation, and "[t]he key is whether the contract language is ambiguous or unambiguous." *Todd v. Missouri United School Ins. Council*, 223 S.W.3d 156, 160 (Mo. banc 2007) (quoting *Peters v. Employers Mut. Cas. Co.*, 853 S.W.2d 300, 302 (Mo. banc 1993)). "Language is ambiguous if it is reasonably open to different constructions." *Jones v. Mid–Century Ins. Co.*, 287 S.W.3d 687, 690 (Mo. banc 2009) (quoting *Seeck v. Geico General Ins. Co.*, 212 S.W.3d 129, 132 (Mo. banc 2007)). "Absent an ambiguity, an insurance policy must be enforced according to its terms." *Jones*, 287 S.W.3d at 690. "A court is not permitted to create an ambiguity in order to distort the language of an unambiguous policy, or, in order to enforce a particular construction which it might feel is more appropriate." *Strader*, 230 S.W.3d at 624 (quoting *Rodriguez v. General Acc. Ins. Co. of America*, 808 S.W.2d 379, 382 (Mo. banc 1991)).

The policy stated a "volunteer worker" was someone whose work was directed "by you[.]" "You" was a defined term in the policy with a narrow meaning: it referred to the named insured which was Wingo Masonry. Wingo Masonry, through its employee Jack, took the forklift to Wiggins for repair. Although Wiggins would be paid for his work, he was not an employee of Wingo Masonry. Wiggins did not tell anyone at Wingo Masonry he was going to allow Reed to work on the forklift.

Dry's principal argument in support of the conclusion that Reed was an insured is that Wiggins was an agent of Wingo Masonry, so Wiggins' directions to Reed rendered Reed a "volunteer worker" under Wingo Masonry's policy. The Western District of this Court addressed and rejected a similar analogy in *Farm Bureau*, 347 S.W.3d at 525. In that case, a volunteer firefighter was involved in an accident as he returned home from a call. *Id.* at 528. After the policy limits of the firefighter's automobile insurance were exhausted, the company carrying the firefighter's umbrella policy and the company carrying the fire district's commercial automobile policy paid portions of the remaining damages. *Id.* The two insurance companies then sued each other for indemnity, contribution, reimbursement, and unjust enrichment. *Id.* The trial court found in favor of the commercial carrier because no master-servant relationship existed at the time of the crash. *Id.* The umbrella carrier appealed, arguing the trial court should have found coverage by making an analogy to workers' compensation law and the doctrine of respondeat superior. *Id.* at 529. The appellate court disagreed, stating that "to determine whether an insurance policy provides coverage, we look to the insurance contract itself." *Id.* Here, the plain language of the policy states a volunteer worker's acts must be directed by the named insured. There is no provision in the insurance contract allowing a volunteer worker's acts to be directed by an agent of the named insured. Wingo

Masonry did not direct Reed's work, and Reed was not a "volunteer worker" under the policy.

Dry, however, argues that the last portion of the definition of "volunteer worker" expands the scope of who may provide direction to a "volunteer worker." The last portion of the definition of "volunteer worker" provided the worker may not be paid "by you or anyone else[.]" Dry asserts the trial court's interpretation of the definition renders the phrase or "anyone else" meaningless. Dry's argument ignores the sentence structure of the definition. The portion of the definition discussing the scope of the worker's duties is modified by the phrase "by you" while the portion of the definition discussing payment of the worker is modified by the phrase "by you or anyone else for their work performed for you." The two requirements are separated by a comma and a conjunction. This structure suggests the two requirements are separate and the modifying phrases apply only to the requirement to which they are closest: the phrase "by you" applies to the phrase describing the direction of a volunteer worker and the phrase "by you or anyone else" applies to the phrase describing the payment of a volunteer worker.

Reed was not a "volunteer worker" under the United Fire policy because Wingo Masonry did not direct Reed's actions pursuant to the insurance contract. Consequently, the trial court did not err. Dry's sole point is denied.

### Decision

The trial court's judgment is affirmed.

JEFFREY W. BATES J., and DANIEL E. SCOTT, P.J., concur.